

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-07-373-CV

TAMMY HOWLETT                                                                 APPELLANT

V.

TARRANT COUNTY                                                                 APPELLEE

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION ON REHEARING

------------

After reviewing Tarrant County's motion for rehearing, we deny the motion. We withdraw our August 29, 2008 opinion and judgment and substitute the following.

Appellant Tammy Howlett appeals from the trial court's order dismissing her tort claim against Appellee Tarrant County for failure to serve notice of suit on the county judge and district attorney under local government code section

89.0041. Tex. Loc. Gov't Code Ann. § 89.0041 (Vernon 2008). We reverse and remand.

I.    Background

Howlett sued the County, alleging she sustained personal injuries when a vehicle driven by a deputy sheriff collided with the vehicle in which Howlett was a passenger.[1] The County concedes that Howlett served presuit notice on the County within the six-month period prescribed by the Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. *§* 101.101 (Vernon 2005). The County filed an original answer and a motion to dismiss, alleging that Howlett had failed to serve notice of her lawsuit on the county judge and the district attorney under local government code section 89.0041. *See* Tex. Loc. Gov't Code Ann. § 89.0041. After a hearing, the trial court granted the motion to dismiss on August 17, 2007.

On September 6, 2007, Howlett filed a "Motion to Reinstate." The trial court denied the motion on October 5, 2007. Howlett filed a notice of appeal on October 31, 2007.

---

[1] Howlett also sued the deputy sheriff. The trial court dismissed her claims against the deputy upon the County's motion under the election of remedies provision of the Tort Claims Act, and Howlett has not appealed that dismissal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (Vernon 2005).

II.    Did the motion to reinstate extend the deadline to file a notice of appeal?

In her second issue, Howlett argues that her motion to reinstate was really a misnamed motion for new trial and as such extended the deadline for filing her notice of appeal.

To perfect an appeal, a party must file a written notice of appeal with the trial court within thirty days after the trial court signs the judgment. Tex. R. App. P. 26.1. But if any party timely files (1) a motion for new trial, (2) a motion to modify the judgment, (3) a motion to reinstate under rule of procedure 165a, or (4) a request for findings of fact and conclusions of law, then the notice of appeal is not due until ninety days after the trial court signs the judgment. Tex. R. App. P. 26.1(a). A timely-filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss the appeal. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The trial court signed the order dismissing the case on August 17. Howlett filed her notice of appeal October 31, more than thirty days later. Thus, unless Howlett filed a motion that extended the deadline for filing a notice of appeal under rule 26.1(a), her notice is untimely, and we lack jurisdiction over the appeal. *See id.* On the other hand, if she filed a deadline-extending motion under rule 26.1(a), then her notice of appeal, filed within

3

ninety days of the date the trial court signed the dismissal order, was timely, and we have jurisdiction.

Howlett filed a verified "motion to reinstate" "pursuant to Texas Rules of Civil Procedure, Rule 165a(3)" twenty days after the trial court signed the order dismissing her claims against the County. The motion cited a recent case in which the Dallas court of appeals held that local government code section 89.0041 does not apply to a claim brought under the Tort Claims Act and asked the trial court to "reinstate" Howlett's claim.

Rule 165a concerns dismissal for want of prosecution. Tex. R. Civ. P. 165a. Section 3 of the rule provides that a party may file a verified motion to reinstate a claim dismissed for want of prosecution within thirty days after the trial court signs the order of dismissal. Tex. R. Civ. P. 165a(3).

The trial court did not dismiss Howlett's claim for want of prosecution. Therefore, the reinstatement procedure set forth in rule 165a(3) was inapplicable, and her motion to reinstate under that rule was inapposite. Under the circumstances, a motion for new trial would have been the appropriate instrument to file.

But the explicit provision in rule 26.1(a), providing that a timely-filed motion to reinstate extends the deadline for filing a notice of appeal, does not limit the deadline-extending effect of a timely motion to reinstate to only those

4

circumstances where the motion is meritorious or even appropriate. Thus, under the plain language of the rule, the filing of a motion to reinstate that meets the requirements of rule 165a will extend the deadline to file a notice of appeal, even if the trial court did not dismiss the underlying claim for want of prosecution under rule 165a. *See* Tex. R. App. P. 26.1(a).

Under rule 165a, a motion to reinstate must (1) be filed within thirty days of the date the trial court signed the order and (2) be verified. Tex. R. Civ. P. 165a(3). Howlett filed her motion within thirty days of the date the trial court signed the dismissal order, and her counsel verified the motion. Therefore, her motion met the requirements of rule 165a, and while the motion was not the appropriate or best procedure to bring recent case law to the trial court's attention, it was sufficient to extend the deadline to file her notice of appeal under rule 26.1(a). Thus, for purposes of determining whether Howlett timely filed her notice of appeal, we need not decide whether her motion to reinstate was really a misnamed motion for new trial.

The County cites *Butts v. Capitol City Nursing Home, Inc.*, for the proposition that a motion to reinstate under rule 165a is not a motion for new trial and will not extend the deadline for filing a notice of appeal. *See* 700 S.W.2d 628 (Tex. App.—Austin 1985), *writ ref'd n.r.e.*, 705 S.W.2d 696 (Tex. 1986). In *Butts*, the trial court dismissed the plaintiff's claims for want of

5

prosecution. *Id.* at 629. The plaintiff filed a timely but unverified motion to reinstate and later filed a notice of appeal more than thirty days after the trial court signed the order of dismissal. *Id.* On appeal, the plaintiff suggested that the court of appeals treat the unverified motion to reinstate as a motion for new trial. *Id.* at 630. The court of appeals dismissed the appeal for want of jurisdiction, stating, "Without treating every motion to reinstate as a motion for new trial, it is difficult to see how the motion in question could be other than a motion to reinstate." *Id.* In denying writ, no reversible error, the supreme court noted that if the plaintiff's motion to reinstate had been verified as required by rule 165a, it would have extended the time for perfecting appeal. *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex. 1986).

*Butts* is distinguishable from this case because Howlett filed a timely, verified motion under rule 165a that extended the time for perfecting appeal under rule 26.1(a). Therefore, unlike the court of appeals in *Butts*, we need not decide whether Howlett's motion to reinstate should be treated as a motion for new trial. But even if we approach the question from that angle, it is clear that Howlett's motion sought a "substantial change" in the judgment and, as such, it qualified as a motion to modify, correct, or reform the judgment that extended the appellate timetable. *See* Tex. R. App. P. 26.1(a)(2); Tex. R. Civ.

6

P. 329b(g); *Lane Bank Equip. Co. v. Smith S. Equip. Inc.*, 10 S.W.3d 308, 314 (Tex. 2000).

In light of the foregoing discussion, we hold that Howlett's motion to reinstate extended the deadline for filing her notice of appeal, that she timely filed her notice of appeal, and that we have jurisdiction over the appeal. We sustain Howlett's second issue.

III.     Does section 89.0041 apply to claims filed under the Tort Claims Act?

In her first issue, Howlett argues that local government code section 89.0041's postsuit notice requirement does not apply to claims brought under the Tort Claims Act.

Section 89.0041 provides as follows:

(a) A person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to:

   (1) the county judge; and

   (2) the county or district attorney having jurisdiction to defend the county in a civil suit.

(b) The written notice must be delivered by certified or registered mail by the 30th business day after suit is filed and contain:

   (1) the style and cause number of the suit;

   (2) the court in which the suit was filed;

   (3) the date on which the suit was filed; and

7

(4) the name of the person filing suit.

(c) If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official.

Tex. Loc. Gov't Code Ann. § 89.0041.

Howlett concedes that she did not give the notice required by section 89.0041, but she argues that the section does not apply to claims brought under the Tort Claims Act, which requires a claimant to provide a governmental defendant presuit notice of the claim. Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (Vernon 2006).

Howlett relies solely on a case so holding from the Dallas court of appeals, *Dallas County v. Coutee*, 233 S.W.3d 542 (Tex. App.—Dallas 2007, pet denied). Coutee sued Dallas County under the Tort Claims Act, alleging that a vehicle driven by a deputy sheriff collided with a vehicle in which Coutee was traveling. *Id.* at 543. The county did not dispute that Coutee gave presuit notice under the Tort Claims Act, but it moved to dismiss her claims for failing to give postsuit notice under section 89.0041. *Id.* The trial court denied the motion, and the county appealed. *Id.*

The Dallas court noted that the Tort Claims Act is a unique statutory scheme that specifically addresses all aspects of tort claims against governmental units, including notice of claims, venue, identification of the

8

governmental unit against which liability is to be established, and service of citation. *Id.* at 547 (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)). Section 89.0041, on the other hand, generally addresses notices of suits against counties without reference to tort suits. *Id.;* Tex. Loc. Gov't Code Ann. § 89.0041. Applying the rule of construction codified in section 311.026 of the Code Construction Act that specific statutes control over general statutes, also called the doctrine of *in pari materia*, the court held that the specific notice provision of the Tort Claims Act applies to the exclusion of the general notice provision of section 89.0041. *Coutee*, 233 S.W.3d at 547; *see* Tex. Gov't Code Ann. § 311.026 (Vernon 2008). In other words, a claimant pursuing a tort claim against a county must comply with the Tort Claims Act's notice provisions and not those of section 89.0041.[2] *See id.*

We disagree with the conclusion reached by the Dallas court in *Coutee* that the doctrine of *in pari materia* applies to our interpretation of section 89.0041. Section 311.026 of the code construction act provides as follows:

---

[2] In reaching this conclusion, the Dallas court relied on its holdings in two earlier cases, *Raymond v. Hanson*, 970 S.W.2d 175 (Tex. App.—Dallas 1998, no pet.), and *Parsons v. Dallas County*, 197 S.W.3d 915 (Tex. App.—Dallas 2006, no pet.). *Raymond* and *Parsons* both held that a Tort Claims Act claimant was not required to comply with the *presuit* notice-of-claim provision of a different section of the local government code, section 89.004(a). *Parsons*, 197 S.W.3d at 919–20; *Raymond*, 970 S.W.2d at 178.

9

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

Tex. Gov't Code Ann. § 311.026 (Vernon 2008). That rule applies only if two statutes share a common purpose or object. *Strickland v. State*, 193 S.W.3d 662, 666 (Tex. App.—Fort Worth 2006, pet. ref'd). If the statutes share a common purpose or object, they must be harmonized if possible. *Id.*; Tex. Gov't Code Ann. § 311.026(a); *see also La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984) ("Generally, courts are to construe statutes so as to harmonize with other relevant laws, if possible."). Only if the statutes irreconcilably conflict and cannot be harmonized does the specific statute apply to the exclusion of the general. Tex. Gov't Code Ann. § 311.026(b); *Strickland*, 193 S.W.3d at 666.

Section 311.026 does not apply to the two statutes at issue here because the statutes do not share a common purpose or object. Tort Claims Act section 101.101 concerns *presuit* notice of a claim, whereas local government code section 89.0041 concerns *postfiling* notice of the suit itself. The purpose of notice under section 101.101 is "to ensure prompt reporting of

10

claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). The apparent purpose of section 89.0041 is to ensure that the person responsible for answering and defending the suit—the county or district attorney—has actual notice of the suit itself. *See* Loc. Gov't Code Ann. § 89.0041. Thus, the two statutes do not share a common purpose or object, and the doctrine of *in pari materia* and Code Construction Act section 311.026 do not apply.

Even if we assume that the statutes share a common purpose or object, they do not conflict and can be harmonized. Giving presuit notice of a claim under section 101.101 does not preclude a party from giving postfiling notice of suit under section 89.0041. Nothing prevents a party like Howlett who asserts a tort claim against a county from complying with the requirements of both Tort Claims Act section 101.101 and local government code section 89.0041.

Because Tort Claims Act section 101.101 and local government code section 89.0041 do not share a common purpose, and because even if they did share a common purpose, they can be harmonized, we hold that a party asserting a Tort Claims Act claim against a county must furnish both the presuit

notice required by Tort Claims Act section 101.101 and the postsuit notice required by local government code section 89.0041.

IV.    Did substantial compliance with section 89.0041 suffice?

Howlett allegedly sustained personal injuries on April 26, 2005.  The County concedes that it received presuit notice of Howlett's claims for damages by a letter from her attorney on May 10, 2005, within the six-month period set by the Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.101 (Vernon 2005).[3] The receipt of that letter was  acknowledged in a response letter from the Tarrant County District Attorney, dated August 8, 2005, and signed by Christopher W. Ponder, Assistant District Attorney, in which he advised Howlett's attorney to direct any future telephone calls or correspondence to that office.

Howlett filed suit on April 16, 2007, and served the county judge with her petition.   Her original petition specifically alleges that "Defendant, TARRANT COUNTY, a county in Texas, may be served with process by serving the county judge, B. Glen Whitley" and sets forth the address for service.  The

---

[3] The record also establishes presentment by Howlett of her claim and its denial by the commissioner's court on February 1, 2006.  *See* Tex. Local Gov't Code Ann. § 89.004 (providing suit may not be filed against county or elected or appointed county official unless claim is presented and commissioners court neglects or refuses to pay all or part of claim before 60th day after presentment).

unty acknowledges that it received service on May 1, 2007. Thus, the ty judge County Judge of Tarrant County was served with written notice of Howlett's suit before the 30th day after suit was filed (by serving the original petition on the county judge) as directed by section 89.0041(a)(1). Tex. Loc. Gov't Code Ann. § 89.0041(a)(1).

The Tarrant County District Attorney's Office answered on behalf of the County and its employee thirty-six days after suit was filed. Thus, the County and its employee received actual knowledge of each item required to be included in the postsuit notice under local government code section 89.0041(b): the style and cause number of the case, the court in which it was filed, the date suit was filed, and the name of the person filing suit. *Id.* § 89.0041(b).

Applying the rule of construction that we are to consider the objective of the statute, which is "to ensure that the person responsible for answering and defending the suit—the county or district attorney—has actual notice of the suit itself," we find that this objective is accomplished by substantial compliance and that such compliance was achieved here. *See Ballesteros v. Nueces County*, 286 S.W.3d 566, 570 (Tex. App.—Corpus Christi 2009, pet. filed) (op. on reh'g) (holding substantial compliance with section 89.0041 by proof of actual notice sufficient); *Dallas County v. Autry,* 251 S.W.3d 155, 158 (Tex. App.—Dallas 2008, pet. denied) (same); *Dallas County v. Coskey*, 247 S.W.3d

13

753, 756 (Tex. App.—Dallas 2008, pet. denied) (same); *but see Roccaforte*, 281 S.W.3d at 236–37 (refusing to find substantial compliance exception to section 89.0041 under circumstances where plaintiff made no attempt to comply). Having concluded that Howlett substantially complied with the postsuit notice requirement of local government code section 89.0041, we sustain her first issue.

V.    Conclusion

Having sustained Howlett's first and second issues and held that she timely filed her notice of appeal and substantially complied with local government code section 89.0041, we reverse the judgment of the trial court dismissing her suit and remand this cause for further proceedings consistent with this opinion.

ANNE GARDNER
JUSTICE

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

WALKER, J. filed a concurring opinion.

DELIVERED:  December 3, 2009



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-07-373-CV

TAMMY HOWLETT                                                        APPELLANT

V.

TARRANT COUNTY                                                        APPELLEE

------------

## FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

## CONCURRING OPINION ON REHEARING

------------

I concur with the majority's opinion on rehearing denying Appellee Tarrant County's motion for rehearing in this appeal. The majority correctly holds that Appellant Tammy Howlett substantially complied with section 89.0041 of the Texas Local Government Code if that section is applicable to her suit. *See* Tex. Loc. Gov't Code Ann. § 89.0041 (Vernon 2008). I write separately, however, because I disagree with the majority's analysis of *Dallas County v. Coutee*, 233 S.W.3d 542, 543 (Tex. App.—Dallas 2007, pet. denied), and analysis of the

scope of applicability of section 89.0041; in light of the majority's holding that Howlett substantially complied with section 89.0041, I believe that the majority's analysis of *Coutee* and of the scope of applicability of section 89.0041 are dicta. *See* Black's Law Dictionary 409 (5th ed. 1979) (defining dictum as an observation or remark made concerning some rule, principle, or application of law suggested in a particular case, which observation or remark is not necessary to the determination of the case); *see generally Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 400 n.6 (Tex. 2000) (noting dicta is not binding); Pierre N. Leval, *Judging Under the Constitution: Dicta About Dicta*, 81 N.Y.U. L. Rev. 1249, 1261–63 (2006) (discussing reasons that "disfavor lawmaking through dictum"). Because I agree with the majority's ultimate holding that, in any event, Howlett substantially complied with section 89.0041, I respectfully concur.

SUE WALKER
JUSTICE

DELIVERED: December 3, 2009

2