NO. 07-08-0263-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 21, 2009
_____

BILL TURNBOW,

Appellant

v.

COLLINGSWORTH COUNTY, TEXAS,

Appellee

_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 6958; HON. STUART MESSER, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Bill Turnbow (Turnbow) appeals from an order dismissing his lawsuit. He had sought damages against Collingsworth County, Texas (the County) for injuries suffered as a result of a vehicular accident. The trial court dismissed the cause due to Turnbow's purported failure to comply with the notice provisions of §89.0041 of the Local Government Code. On appeal, he contends that 1) compliance with the notice provisions of the Civil Tort Claims Act is sufficient, 2) the trial court should not have dismissed the lawsuit

because the County's plea in abatement was not verified, and 3) the trial court erred in not filing findings of fact and conclusions of law. We reverse the order.

*Issues 1 and 2 - §89.0041*

In his first two issues, Turnbow contends that his suit should not have been dismissed because he gave notice to the County of his claim pursuant to the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. §101.101(a) (Vernon 2005).[1] Furthermore, that provision allegedly superceded the requirements of §89.0041 of the Local Government Code in this particular matter. We disagree with the reasoning underlying his contentions but sustain the ultimate conclusion that the trial court erred in dismissing the matter.

Section 89.0041 states:

(a) A person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to:

(1) the county judge; and
(2) the county or district attorney having jurisdiction to defend the county in a civil suit.

(b) The written notice must be delivered by certified or registered mail by the 30th business day after suit is filed and contain:

(1) the style and cause number of the suit;
(2) the court in which the suit was filed;
(3) the date on which the suit was filed; and
(4) the name of the person filing suit.

TEX. LOC. GOV'T CODE ANN. §89.0041(a) & (b) (Vernon 2008). The legislature also mandated that the suit be dismissed if the notice is not given as required. *Id.* §89.0041(c). Finally, the statute has been held to apply to all types of suits against a county, except

---

[1]Notice of a claim must be given to a governmental unit no later than six months after the day the incident giving rise to the claim occurred and must reasonably describe the damage or injury claimed, the time and place of the incident, and the incident.

2

certain of those founded on contract. *Wood v. Walker,* 279 S.W.3d 705, 712 (Tex. App.–Amarillo 2007, no pet.).

Here, Turnbow's suit arose from injuries he received when his vehicle collided with one driven by a Collingsworth County employee. The parties do not dispute that notice of his claim was given the County per the Tort Claims Act. This notice, according to Turnbow, was enough despite the dictates of §89.0041 of the Local Government Code. There is some authority for that proposition. *E.g., Dallas County v. Coutee,* 233 S.W.3d 542, 547 (Tex. App.–Dallas 2007, pet. denied). So too is there contrary authority. *E.g., Howlett v. Tarrant County*, No. 2-07-373-CV, 2009 Tex. App. LEXIS 9281 (Tex. App.–Fort Worth December 3, 2009, no pet.). We deem the latter authority to be a more accurate interpretation of the law.

As explained in *Howlett*, the notice required pursuant to the Tort Claims Act is pre-suit notice. *Id.* at *11. Its purpose is to ensure that claims are promptly reported so the governmental entity may investigate their merits and possibly resolve them. *Id.* at *11-12; *Brazoria County v. Colquitt,* 282 S.W.3d 582, 586-87 (Tex. App.–Houston [14th Dist.] 2009, pet. filed). However, the notice required by §89.0041 is post-suit; that is, the statute requires that it be afforded once suit is filed. *Howlett v. Tarrant County,* 2009 Tex. App. LEXIS 9281 at *12. It serves to enable the county to respond timely to the action and prepare a defense. *Id.; Dallas County v. Coskey,* 247 S.W.3d 753, 757 (Tex. App.–Dallas 2008, pet. denied). It also aids in the management and control of the county's finances and property. *Ballesteros v. Nueces County,* 286 S.W.3d 566, 572 (Tex. App.–Corpus Christi 2009, pet. stricken). Given the differing purposes underlying §101.101(a) of the

3

Civil Practice and Remedies Code and §89.0041 of the Local Government Code, as well as the differing time frames expressed in each, the two are not *in pari materia*. So, the former does not displace the latter when tort claims are alleged against a county.

Nevertheless, and for the same reasons mentioned in *Howlett* and *Ballesteros*, we conclude that Turnbow substantially complied with §89.0041. *See Howlett v. Tarrant County*, 2009 Tex. App. LEXIS 9281 at *15 (holding that substantially complying with the terms of the statute was sufficient); *Ballesteros v. Nueces County*, 286 S.W.3d at 571-72 (holding the same so long as the County had actual knowledge of the suit). As previously mentioned, notice of his claim was served on the County before suit was filed. Thereafter, his original petition was received by the district clerk and file-marked February 4, 2005. Furthermore, the document named Collingsworth County as defendant and the county judge, John James, as the party upon whom service could be had. That it filed an answer, Collingsworth County undoubtedly had actual knowledge of the suit. Furthermore, the certificate of service shows that its answer was sent to Turnbow's counsel on February 23, 2005. Since there are only 19 days between the day the petition was initially filed and the date on which the County mailed its answer, we cannot but hold that the County had received notice of the proceeding within the 30-day period specified in §89.0041(b). Finally, the petition and citation served with it contained the information specified in §89.0041(b). That is, they disclosed the name of the party who filed suit, the style and cause number of the suit, the identity of the court in which it was initiated, and the date the proceeding was filed.

That the legislature did not specify any particular means of affording notice under §89.0041 is also of import. This frees us to look at the totality of the circumstances to determine whether the purposes underlying the statute were satisfied. From the circumstances at bar, one can reasonably deduce that Collingsworth County had actual notice and knowledge of the suit within thirty business days of the date on which the suit was commenced. It also had adequate opportunity to timely file an answer. So, we, like the courts in *Howlett* and *Ballesteros*, hold that Turnbow substantially complied with and thereby performed the obligations imposed through §89.0041. Having so held, we need not address the remaining issues on appeal.

Because the trial court erred in dismissing the suit for the grounds stated in its order, that order is reversed. Furthermore, the cause is remanded to the trial court.

Brian Quinn
Chief Justice

5