

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00654-CV

Gary **CAMPBELL**,
Appellant

v.

Amanda **LEAL**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-11077
Honorable Larry Noll, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  November 21, 2012

DISMISSED FOR WANT OF JURISDICTION

Appellant Gary Campbell appeals from the trial court's protective order signed August 14, 2012.  Appellant did not file a timely motion that would have extended the appellate timetable.  *See* TEX. R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a).  Thus, his notice of appeal was due September 13, 2012, or a motion for extension of time to file the notice of appeal was due fifteen days later on September 28, 2012.  *See* TEX. R. APP. P. 26.1, 26.3.  Appellant did not file a

timely notice of appeal or a motion for extension of time to file the notice of appeal. Appellant filed a notice of appeal on October 10, 2012.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex. 1997) (construing predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.* Here, the period for granting a motion for extension of time passed before appellant filed his notice of appeal.

On October 29, 2012, we ordered appellant to file, on or before November 28, 2012, a response showing cause why this appeal should not be dismissed for lack of jurisdiction and advised appellant the appeal would be dismissed if he failed to satisfactorily respond within the time provided. *See* TEX. R. APP. P. 42.3(a), (c).

On November 5, 2012, appellant responded to our October 29, 2012 order by stating "this appeal should not be dismissed for lack of jurisdiction due to me 'Gary Campbell' being indigent and pro se." Neither appellant's indigence nor his appearance pro se confers jurisdiction on this court. *See Howlett v. Tarrant County*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied); *In re K.L.V.*, 109 S.W.3d 61, 67 (Tex. App.—Fort Worth 2003, pet. denied). Rather, a timely filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss the appeal. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Howlett*, 301 S.W.3d at 843. Accordingly, because appellant did not file a timely notice of appeal, we have no jurisdiction and must dismiss. *See Howlett*, 301 S.W.3d at 843; *see also Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 395 (Tex. App.—San

Antonio 1999, no pet.) (holding that when appellate court lacks jurisdiction, it must dismiss appeal).  We therefore dismiss this appeal for want of jurisdiction.

PER CURIAM