**DISMISS and Opinion Filed October 15, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01218-CV

### WALTER CARTER, JR., Appellant
### V.
### CITY OF GARLAND, Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-01405-B**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

Before the Court is appellee's motion to dismiss the appeal. Appellee contends the appeal should be dismissed because appellant's notice of appeal was untimely filed. Appellant did not file a response to the motion.

A notice of appeal is due thirty days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. If a party files a post-judgment motion extending the appellate timetable, a notice of appeal is due ninety days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1(a). Without a timely filed notice of appeal, this Court lacks jurisdiction. TEX. R. APP. P. 25.1(b).

The trial court signed the judgment on May 3, 2013. Appellant filed a timely motion to reinstate the case.[1] Accordingly, the notice of appeal was due on August 1, 2013. Appellant filed his notice of appeal on August 30, 2013, twenty-nine days past the due date. In his notice of appeal, appellant states that he is appealing the order signed on August 1, 2013. The trial court's August 1, 2013 order simply denied appellant's motion to reinstate. The appellate timetable runs from the date the judgment is signed, not from the date an order denying a post-judgment motion is signed. *See* TEX. R. APP. P. 26.1.

Because appellant did not timely file his notice of appeal, this Court lacks jurisdiction. Accordingly, we grant appellee's motion and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/David Evans/
————————————————
DAVID EVANS
JUSTICE

131218F.P05

---

[1] We recognize the trial court granted summary judgment and did not dismiss the case for want of prosecution. Thus, a motion for new trial would have been the more appropriate motion to file. *See Howlett v. Tarrant Cnty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied). However, under the language of rule of appellate procedure 26.1(a), the filing of a motion to reinstate that meets the requirements of rule 165a will extend the deadline to file a notice of appeal, even if the trial court did not dismiss the underlying case for want of prosecution. *Id.*; *see* TEX. R. APP. P. 26.1(a).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WALTER CARTER, JR., Appellant

No. 05-13-01218-CV      V.

CITY OF GARLAND, Appellee

On Appeal from the 44th Judicial District Court, Dallas County, Texas.
Trial Court Cause No. DC-12-01405-B.
Opinion delivered by Justice Evans.
Justices O'Neill and Lang-Miers, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, CITY OF GARLAND, recover its costs of this appeal from appellant, WALTER CARTER, JR..

Judgment entered this 15th day of October, 2013.

/David Evans/
DAVID EVANS
JUSTICE