

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00158-CV

———————————————————

JEFF MARSHALL, Appellant

V.

VCAP SSIC, LLC, Appellee

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2023-006992-2

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

On March 1, 2024, the trial court signed its default judgment against pro se Appellant Jeff Marshall. Because Marshall did not file any postjudgment motions or requests with the trial court, his notice of appeal was due on April 1, 2024. *See* Tex. R. App. P. 26.1 (providing that, in the absence of certain timely-filed postjudgment motions or requests, a "notice of appeal must be filed within 30 days after the judgment is signed"); Tex. R. App. P. 4.1(a). However, Marshall did not file his notice of appeal until April 5, 2024, making it untimely. *See* Tex. R. App. P. 26.1

On April 10, 2024, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See id.* We warned that we could dismiss this appeal for want of jurisdiction unless Marshall or any party desiring to continue the appeal filed a response on or before April 22, 2024, showing a reasonable explanation for the late notice of appeal. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a), 43.2(f). We received no response.

We must hold pro se litigants to the same standards as licensed attorneys. *Rahman v. Discover Bank*, No. 02-19-00182-CV, 2020 WL 2202450, at \*2 (Tex. App.—Fort Worth May 7, 2020, no pet.) (mem. op.). This includes requiring that they comply with all applicable procedural rules, such as the deadline imposed for filing a notice of appeal. *Id.*; *see Viet Duc Tran v. Blu Smile Group, Inc.*, No. 02-20-00111-CV, 2020 WL 4006721, at \*1 (Tex. App.—Fort Worth July 16, 2020, no pet.) (mem. op.).

The timely filing of a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *Howlett v. Tarrant Cty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)); *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.); *see* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). A motion for extension of time is necessarily implied when, as here, an appellant acting in good faith files a notice of appeal beyond the time allowed by Rule 26.1 but within the 15-day period on which the appellant would be entitled to move to extend the deadline under Rule 26.3. *See Jones*, 976 S.W.2d at 677; *see also* Tex. R. App. P. 26.1, 26.3. But even when an extension motion is implied, the appellant still must reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

Because Marshall's notice of appeal was untimely, and because he did not provide a reasonable explanation for its lateness, we must dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.1, 42.3(a), (c), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: May 16, 2024