

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00418-CV

_____

JERALD H. MILLER JR., Appellant

V.

CITY OF FORT WORTH, FORT WORTH INDEPENDENT SCHOOL DISTRICT,
TARRANT COUNTY COLLEGE DISTRICT, TARRANT COUNTY HOSPITAL
DISTRICT, TARRANT COUNTY REGIONAL WATER DISTRICT, AND
TARRANT COUNTY, Appellees

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-325467-21

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Pro se Appellant Jerald H. Miller Jr. attempts to appeal from the trial court's "Order of Dismissal for Want of Prosecution." The trial court signed its order on August 14, 2024. Because Appellant did not file any postjudgment motions or requests with the trial court, his notice of appeal was due September 13, 2024. *See* Tex. R. App. P. 26.1 (providing that, absent certain postjudgment motions or requests, a "notice of appeal must be filed within 30 days after the judgment is signed"); *see also* Tex. R. Civ. P. 329b (stating that certain postjudgment motions extend trial court's plenary power). Appellant did not file his notice of appeal until September 17, 2024, making it untimely. *See* Tex. R. App. P. 26.1.

As relevant here, an appellate court may grant an additional 15-day extension of time to file the notice of appeal if the party timely moves for the extension. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when, as here, an appellant acting in good faith files a document attempting to perfect an appeal beyond the time allowed by Rule 26.1 but within the 15-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 26.3. *See* Tex. R. App. P. 26.1, 26.3; *Verburgt*, 959 S.W.2d at 617. But even when an extension motion is implied, the appellant must reasonably explain the need for the extension. *See* Tex. R. App. P. 10.5(b); *Verburgt*, 959 S.W.2d at 617.

On September 19, 2024, we notified Appellant that this court was concerned that we did not have jurisdiction over the appeal because the notice of appeal was not timely filed. *See* Tex. R. App. P. 26.1. We warned Appellant that unless he filed a response by September 30, 2024, showing a reasonable explanation for the late filing of the notice of appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a), 43.2(f). We received no response.

The timely filing of a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Verburgt*, 959 S.W.2d at 617; *Howlett v. Tarrant County*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) ("[P]ro se litigants are not exempt from the rules of procedure."); *Maddox v. Hutchens*, No. 02-02-00159-CV, 2003 WL 21983260, at *1 (Tex. App.—Fort Worth Aug. 21, 2003, no pet.) (per curiam) (mem. op.) (holding pro se litigants to the same standards as licensed attorneys).

Accordingly, because Appellant's notice of appeal was untimely, and because he did not provide a reasonable explanation for its untimeliness, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 26.1, 26.3, 42.3(a), (c), 43.2(f).

Per Curiam

Delivered: November 14, 2024

3