

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00145-CV

_____

JAMES MANUEL, Appellant

V.

MORGAN L. LUCAS, Appellee

_____

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-725715-22

_____

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant James Manuel, proceeding pro se, attempts to appeal from the trial court's final decree of divorce. The trial court signed the final judgment on June 4, 2024.

Unless a party files a time-extending motion, such as a motion for new trial or a motion to modify a judgment, a notice of appeal must be filed within thirty days after the judgment is signed. *See* Tex. R. App. P. 26.1(a). We may extend the time to file a notice of appeal if, within fifteen days after the deadline to do so, a party files the notice of appeal and a motion for extension. *See* Tex. R. App. P. 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that a motion for extension of time is implied when an appellant acts in good faith and perfects an appeal within the fifteen-day extension period). But once the fifteen-day extension period has expired (a time that typically occurs forty-five days after the judgment is signed), "a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617.

Here, because no post-judgment motions were filed to extend the appellate deadline, the notice of appeal was due by July 5, 2024. *See* Tex. R. App. P. 26.1(a). However, Appellant filed his notice of appeal with this court on March 28, 2025—more than eight months after the judgment was signed. *See* Tex. R. App. P. 25.1(a). Because the notice of appeal was not timely filed, we were concerned that we may not have jurisdiction over the appeal. *See* Tex. R. App. P. 25.1(b). We sent Appellant a letter that expressed our concern that we lack jurisdiction over this appeal because the

notice of appeal was untimely and warned that unless he or any party desiring to continue the appeal files with the court a response showing grounds for continuing the appeal, the appeal may be dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a), 44.3.

Appellant responded to our letter and explained that, among other reasons, the delayed filing was because he "lacked knowledge of appellate filing rules" but that he "filed the notice of appeal as soon as he became aware of the right and requirement to do so." He also set forth various arguments which, ostensibly, would form the basis and merits of his appeal, should it be allowed to continue. However, none of the reasons propounded by Appellant warrant extending the deadline to file his notice of appeal or give us jurisdiction to do so.

We must hold pro se litigants to the same standards as licensed attorneys. *See Rahman v. Discover Bank*, No. 02-19-00182-CV, 2020 WL 2202450, at *2 (Tex. App.—Fort Worth May 7, 2020, no pet.) (per curiam) (mem. op.). This includes requiring that they comply with all applicable procedural rules, such as the deadline imposed for filing a notice of appeal. *Id.*; *see Viet Duc Tran v. Blu Smile Group, Inc.*, No. 02-20-00111-CV, 2020 WL 4006721, at *1 (Tex. App.—Fort Worth July 16, 2020, no pet.) (mem. op.).

The timely filing of a notice of appeal is jurisdictional in this court. *Howlett v. Tarrant Cty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g) (citing *Verburgt*, 959 S.W.2d at 617). Because Appellant's notice of appeal was

3

untimely and his response does not show grounds for continuing the appeal, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.1, 42.3(a), (c), 43.2(f).

/s/Brian Walker

Brian Walker
Justice

Delivered: May 1, 2025