

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00348-CV

———————————————

OLIVIA VANDERBILT, Appellant

V.

CROWN ASSET MANAGEMENT, LLC, ASSIGNEE OF SANTANDER
CONSUMER USA INC., Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2020-02069

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Olivia Vanderbilt, proceeding pro se, attempts to appeal from a default judgment. The trial court signed the default judgment on April 1, 2024.

Unless a party files a time-extending motion, such as a motion for new trial or a motion to modify a judgment, a notice of appeal must be filed within thirty days after the judgment is signed. *See* Tex. R. App. P. 26.1(a). We may extend the time to file a notice of appeal if, within fifteen days after the deadline to do so, a party files the notice of appeal and a motion for extension. *See* Tex. R. App. P. 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that a motion for extension of time is implied when an appellant acts in good faith and perfects an appeal within the fifteen-day extension period). But once the fifteen-day extension period has expired (a time that typically occurs forty-five days after the judgment is signed), "a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617.

Here, because no postjudgment motions were filed to extend the appellate deadline, the notice of appeal was due by May 1, 2024. *See* Tex. R. App. P. 26.1(a). However, Appellant filed her notice of appeal with this court on July 16, 2025. *See* Tex. R. App. P. 25.1(a). Because the notice of appeal was not timely filed, we were concerned that we may not have jurisdiction over the appeal. *See* Tex. R. App. P. 25.1(b). We sent Appellant a letter that expressed our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely and warned that unless she or any party desiring to continue the appeal filed with this court a

2

response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a), 44.3.

Appellant responded to our letter with a "Petition for Review," which we treat as her response. The document sets forth various arguments which, ostensibly, would form the basis and merits of her appeal, should it be allowed to continue. However, none of the reasons propounded by Appellant warrant extending the deadline to file her notice of appeal or give us jurisdiction to do so.[1]

We hold pro se litigants to the same standards as licensed attorneys. *See Rahman v. Discover Bank*, No. 02-19-00182-CV, 2020 WL 2202450, at *2 (Tex. App.—Fort Worth May 7, 2020, no pet.) (per curiam) (mem. op.). This includes requiring that they comply with all applicable procedural rules, such as the deadline imposed for filing a notice of appeal. *Id.*; *see Viet Duc Tran v. Blu Smile Grp., Inc.*, No. 02-20-00111-CV, 2020 WL 4006721, at *1 (Tex. App.—Fort Worth July 16, 2020, no pet.) (mem. op.).

The timely filing of a notice of appeal is jurisdictional in this court. *Howlett v. Tarrant County*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op.

---

[1]Appellant's response appears to claim that she did not have notice of the proceedings in the trial court, which would be grounds for a bill of review. *See Culberson-Stowers, Inc. v. Lease Corp. of Am.*, No. 02-23-00123-CV, 2023 WL 7851812, at *3 (Tex. App.—Fort Worth Nov. 16, 2023, no pet.) (mem. op.) (citing *Montalvo v. Vela*, No. 13-14-00166-CV, 2016 WL 192063, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 14, 2016, no pet.) (mem. op.), which stated that "[a] bill of review may be predicated on a party's lack of notice of a judgment"). That does not change the fact that we lack jurisdiction over her appeal.

on reh'g) (citing *Verburgt*, 959 S.W.2d at 617).  Because Appellant's notice of appeal was untimely and because her response does not show grounds for continuing the appeal, we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 26.1, 42.3(a), (c), 43.2(f); *Manuel v. Lucas*, No. 02-25-00145-CV, 2025 WL 1271937, at *1 (Tex. App.—Fort Worth May 1, 2025, no pet.) (mem. op.).

Per Curiam

Delivered:  August 29, 2025