

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00452-CV

_____

IN THE INTEREST OF M.W., A CHILD

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 18-6727-393

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Mother, proceeding pro se, attempts to appeal from a "Reformed Final Order in Suit to Modify the Parent[–]Child Relationship" signed on June 12, 2023. Because no post-judgment motion was filed to extend the appellate deadline, the notice of appeal was due July 12, 2023, and Appellant's September 2, 2025 notice of appeal was untimely. *See* Tex. R. App. P. 26.1.[1]

We notified the parties by letter of our concern that we lacked jurisdiction because Appellant untimely appealed. *See id.* We warned that we could dismiss this appeal for want of jurisdiction unless Appellant or any party wanting to continue the appeal showed grounds for doing so. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Appellant responded with various arguments that ostensibly would form the basis and merits of her appeal, should it be allowed to continue. But Appellant provided no basis giving us jurisdiction.

Timely filing a notice of appeal is jurisdictional. *Howlett v. Tarrant Cnty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g) (citing *Verburgt*, 959 S.W.2d at 617). Because Appellant's notice of appeal was untimely and

---

[1]We may extend the time to file a notice of appeal if, within 15 days after the deadline to do so, a party files the notice of appeal and a motion for extension. *See* Tex. R. App. P. 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that a motion for extension of time is implied when an appellant acts in good faith and perfects an appeal within the 15-day extension period). But once the 15-day extension period has expired (here, 45 days after the judgment was signed), "a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617.

because she does not show grounds for continuing her appeal, we dismiss this appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 26.1, 42.3(a), (c), 43.2(f); *Manuel v. Lucas*, No. 02-25-00145-CV, 2025 WL 1271937, at \*1 (Tex. App.—Fort Worth May 1, 2025, no pet.) (mem. op.).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  October 30, 2025

---

[2]In light of our disposition, any pending motions are denied as moot.