

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00504-CV

———————————————————

CARY HEATH, Appellant

V.

TIFFANY HEATH, Appellee

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 17-0564-442

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Cary Heath, proceeding pro se, attempts to appeal from a December 4, 2019 final decree of divorce. Because Appellant did not file any post-judgment motions or requests with the trial court, his notice of appeal was due January 3, 2020. *See* Tex. R. App. P. 26.1 (providing that, absent certain post-judgment motions or requests, a "notice of appeal must be filed within 30 days after the judgment is signed"); *see also* Tex. R. Civ. P. 329b (stating that certain post-judgment motions extend trial court's plenary power). Appellant's September 23, 2025 notice of appeal is therefore untimely. *See* Tex. R. App. P. 26.1.

The timely filing of a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Howlett v. Tarrant Cnty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) ("[P]ro se litigants are not exempt from the rules of procedure."); *Maddox v. Hutchens*, No. 2-02-159-CV, 2003 WL 21983260, at *1 (Tex. App.—Fort Worth Aug. 21, 2003, no pet.) (per curiam) (mem. op.) (holding pro se litigants to the same standards as licensed attorneys).

We notified Appellant by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See* Tex. R. App. P. 26.1. We warned Appellant that we could dismiss this appeal for want of jurisdiction unless he

2

filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. In response, Appellant filed a letter asking us to "[p]lease withdraw[] the appeal notice." The letter does not show grounds for continuing the appeal.

Because Appellant's notice of appeal was untimely, we dismiss the appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered:  October 30, 2025

---

[1] The day after we received Appellant's response to our jurisdiction letter, we received another letter from Appellant asserting that he had filed a petition for writ of mandamus in this court and that we had "mistaken [it] for a direct appeal." We note that we received Appellant's petition on October 1, 2025, and sent him a notice of noncompliance.