

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00172-CV

———————————————

IN THE INTEREST OF D.W., D.B., AND J.B., CHILDREN

---

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-746781-24

---

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Mother[1] attempts to appeal the trial court's "Final Order in Suit Affecting the Parent–Child Relationship." Mother filed her notice of appeal pro se, but it appears that she is represented by court-appointed counsel.[2]

The trial court signed its order on June 24, 2025; therefore, Mother's notice of appeal was due July 14, 2025. *See* Tex. R. App. P. 26.1(b) (providing that "in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed"), 28.1(b) (stating that accelerated appeal is perfected by filing notice of appeal within time allowed by Rule 26.1(b)). However, Mother did not file her notice of appeal until March 17, 2026, making it untimely. *See* Tex. R. App. P. 26.1(b), 28.1(b).

Without a timely filed notice of appeal or extension request, we do not have jurisdiction over the appeal, and we must dismiss it. *See* Tex. R. App. P. 25.1(b), 26.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Howlett v. Tarrant County*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) ("[P]ro se litigants are

---

[1]In suits affecting the parent–child relationship (SAPCR), we use aliases for the names of the children and their parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]In the SAPCR order, the trial court orders that Mother's appointed counsel "shall continue in that capacity until all appeals of a final order . . . are exhausted or waived." Mother's appointed counsel has not filed a motion to withdraw in the trial court or in this court.

not exempt from the rules of procedure."). On March 19, 2026, we notified Mother and her appointed counsel of our concern that we lack jurisdiction over this appeal because her notice of appeal was untimely. We warned her that we could dismiss this appeal for want of jurisdiction unless she filed a response by March 30, 2026, showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. We have not received a response.

Because Mother's notice of appeal was untimely, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: April 23, 2026

3