178 S.W.3d 432 (2005)
In the Interest of K.M.Z., N.D.Z., and D.J.J., Children.
No. 2-04-374-CV.
Court of Appeals of Texas, Fort Worth.
January 27, 2005.
*433 Ed Winfrey, Decatur, for appellant (mother).
Barbara L. Moore, Arlington, Duke Hooten, Appellate Atty., Special Litigation Unit, Austin, for appellee.
PANEL D: WALKER, J.; CAYCE, C.J.; and McCOY, J.

OPINION
SUE WALKER, Justice.
This is an appeal from the trial court's judgment terminating mother and father's parental rights to their three children. We dismiss the appeal of mother, Appellant Misty Z. (hereinafter "Mother"), for want of jurisdiction because she failed to articulate good cause for an extension of time to file her notice of appeal. The appeal of father, Kevin Jones, remains pending before this court.
The trial court rendered an October 21, 2004 "Order of Termination." On November 19, 2004, Mother filed a motion for new trial and a notice of appeal. Because the appeal is accelerated, her notice of appeal was due November 10, 2004. See TEX. R.APP. P. 26.1(b).
Because Mother's notice of appeal was untimely, on November 30, 2004, we notified her that we may not have jurisdiction over her appeal and that we would dismiss her appeal for want of jurisdiction unless she or any party desiring to continue the appeal filed with the court on or before December 10, 2004 a response showing grounds for continuing the appeal. See TEX.R.APP. P. 42.3. Mother did not respond.
The timely filing of a notice of appeal is jurisdictional in this court, and absent a timely filed notice or extension request, we must dismiss the appeal. See TEX.R.APP. P. 25.1(b), 26.3. A motion for extension of time is implied, however, when a party, acting in good faith, files a notice of appeal within the fifteen-day period in which Rule 26.3(a) permits parties to file a motion for extension of time to file their notice of appeal. See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.1997). Following an implied motion for extension of time, it is an appellant's burden to establish a reasonable explanation or, in a termination appeal, good cause for the needed extension. See Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex.1998); Verburgt, 959 S.W.2d at 617; see also TEX. *434 FAM.CODE ANN. § 263.405(h) (Vernon 2002) (requiring good cause for extension).
Here, Mother filed her notice of appeal nine days after it was due  within the fifteen-day extension period. Thus, a motion for extension was implied. Verburgt, 959 S.W.2d at 617. Mother then was required to articulate good cause for the implied extension. But, Mother did not respond to our jurisdiction letter or provide us with any explanation for the needed extension. Having failed to articulate good cause for a nine-day extension of time to file her notice of appeal, Mother is not entitled to prosecute her appeal. Jones, 976 S.W.2d at 677; Verburgt, 959 S.W.2d at 617; TEX. FAM.CODE ANN. § 263.405(h). Accordingly, we dismiss Mother's appeal for want of jurisdiction.