In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00088-CR
______________________________

KERRY LARNEZ ROLLERSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee

                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20521

                                                 

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross

MEMORANDUM OPINION

            Kerry Larnez Rollerson attempts to appeal his convictions and sentences for burglary of a
habitation, theft of a firearm, and felon in possession of a firearm. The trial court's certification of
Rollerson's right to appeal reflects that this was not a plea bargain case and that Rollerson had the
right to appeal. The trial court imposed sentence February 25, 2005.

 No motion for new trial was
filed, and Rollerson did not file his pro se notice of appeal until April 1, 2005. 
            "The timely filing of a notice of appeal is jurisdictional in this court, and absent a timely filed
notice or extension request, we must dismiss the appeal." In re K.M.Z., No. 2-04-374-CV, 2005 Tex.
App. LEXIS 690, at *2 (Tex. App.—Fort Worth Jan. 27, 2005, no pet.). To perfect an appeal in a
criminal case, the defendant's notice of appeal must be filed within thirty days from the date the trial
court imposes sentence, unless a motion for new trial has been timely filed. Tex. R. App. P.
26.2(a)(1). In this case, Rollerson's pro se notice of appeal was untimely because it was not filed
until more than thirty days after sentence was imposed. 
            Nevertheless, an appellate court may extend the deadline for filing a notice of appeal "if,
within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court
the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)." Tex.
R. App. P. 26.3. A motion for extension of time is also implied "when a party, acting in good faith,
files a notice of appeal within the fifteen-day period in which Rule 26.3(a) permits parties to file a
motion for extension of time to file their notice of appeal." K.M.Z., 2005 Tex. App. LEXIS 690, at
*2 (citing Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997)); and accord Jacobs v. State, 115
S.W.3d 108, 111–12 (Tex. App.—Texarkana 2003, pet. ref'd) (granting implied motion for
extension, otherwise late notice of appeal was timely filed). Accordingly, if Rollerson timely filed
an extension request with this Court no later than April 13, 2005 (the fifteenth day following the last
date to timely file a notice of appeal), then we have jurisdiction.
            The certificate of service on Rollerson's motion for extension to file a late notice of appeal
shows a date of May 2, 2005, a date that is several weeks beyond the deadline for seeking an
extension to file a notice of appeal. The motion and the notice of appeal, therefore, were both filed
too late to confer jurisdiction on this Court.
            For the reasons stated, we dismiss the appeal for want of jurisdiction.
 
                                                                                    Donald R. Ross
                                                                                    Justice

Date Submitted:          May 10, 2005
Date Decided:             May 11, 2005

Do Not Publish

onsent to
search the house from Marilyn. He testified she had informed him she lived there, and
thus he presumed she had authority to give consent. At the hearing, Marilyn testified she
only lived at the house on weekends. She is not Larry's wife. (4) Under these facts, it is
arguable she does not have actual authority to consent to a search. That is not, however,
the operative question, because even when the facts do not support a finding of actual
authority, a search is reasonable if the consent-giver apparently has actual authority. 
Illinois v. Rodriguez, 497 U.S. 177, 188 (1990); Corea v. State, 52 S.W.3d 311, 317 (Tex.
App.-Houston [1st Dist.] 2001, pet. ref'd).

 Based on Marilyn's statements at the scene, it was reasonable for the officer to
conclude she could consent to the search. Thus, the trial court did not abuse its discretion
by overruling the motion to suppress. 

 Larry next contends the trial court erred by refusing to allow counsel to review an
offense report used by a testifying officer during the pretrial suppression hearing to refresh
her memory. While Chatterton was testifying, she stated that she had made an offense
report and that she had refreshed her memory with the report before testifying. Counsel
requested that the State provide a copy of the report. The trial court stated that, "You're
not entitled to it at this stage of the proceedings," and counsel asked that a copy be made
part of the record. The State then asked the trial court to seal the report, and the trial court
did so. 

 This Court has previously held in Powell v. State, 5 S.W.3d 369, 380 (Tex.
App.-Texarkana 1999, pet. ref'd), in addressing this same question, that Tex. R. Evid. 612
requires production of material used to refresh the witness' memory during any hearing,
not merely during a trial in front of a jury. (5) Our decision in that case controls, as does the
plain language of the rule. Counsel was entitled to review that document, and the trial
court committed error by refusing to allow him to do so.

 The State suggests this case differs from Powell because in this case the trial court
immediately ordered the document placed under seal. The State is apparently relying on
the following language in Powell for support of its position that, if a writing is placed under
seal, it need not be provided to opposing counsel even if a witness has used it to refresh
his or her memory: 

 [A]lthough the trial court indicated that it would place Benson's offense report
under seal, it appears that it was not sealed, because it has been openly
included in the appellate record. The State contends that because the report
is included in the record, Powell failed to preserve error because he did not
inspect the report and allege his specific harm. In light of our findings, it is
not necessary for us to determine whether Powell preserved error, but we
note that it is unclear whether Powell knew he had an opportunity to inspect
the report. 

Powell, 5 S.W.3d at 382.

 In Powell, we simply stated that, although there was a mention of placing the
document under seal, that had not occurred. We did not approve of that procedure as a
method of avoiding the application of Rule 612, and we do not do so now.

 Rule 612 allows sealing of the portions of a document that are unrelated to the
subject matter of the testimony after an in camera inspection by the court. The record in
this case does not reflect that any such inspection occurred. The court refused to make
the document available based on the mistaken belief the State was not required to produce
the document "at this stage of the proceedings." We have found no reported cases in
which a writing used to refresh the memory of a witness has been made wholly unavailable
because it was placed under seal by the court, and we do not now approve of that method
for avoiding the application of the rule. 

 We have reviewed the document. It contains only information about the arrest, and
there is nothing contained within its pages that would in any manner justify either the trial
court's refusal to order the document turned over to defense counsel or its immediate
agreement to seal the document. 

 Error has been shown. We must now assess harm. The Texas Court of Criminal
Appeals has held that this type of error implicates the operation of the confrontation clause
and should therefore be analyzed as constitutional error. Young v. State, 830 S.W.2d 122
(Tex. Crim. App. 1992); Young v. State, 891 S.W.2d 945, 948 (Tex. Crim. App. 1994); (6)
Powell, 5 S.W.3d at 381-82. As we recognized in Powell, when evidence has been
excluded via the erroneous limitation of cross-examination, we are to apply the analysis
for assessing harm in confrontation clause cases as set out in Shelby v. State, 819 S.W.2d
544, 547 (Tex. Crim. App. 1991). 

 As we discussed in Powell, the preliminary focus of that analysis is to determine
whether the report would have been useful for impeachment purposes. We have reviewed
the document in detail and in the context of the examination of the officer at the
suppression hearing. Although the trial court erred by refusing to provide the document,
in this instance we find the document contains nothing that Larry could have used at trial
to impeach the officer or the State's case. Thus, while the trial court erred by failing to
allow counsel to inspect the report, and while the order sealing the report was also error,
those errors are in this instance harmless.

 We affirm the judgment.

 Donald R. Ross

 Justice 

Date Submitted: November 14, 2002

Date Decided: December 10, 2002

Publish

1. Three individuals with the surname of Davis are identified in this opinion. The given
names of these persons will be used to distinguish among them.
2. The controlling authority in our review of an incomplete record is Issac v. State, 989
S.W.2d 754, 757 (Tex. Crim. App. 1999).
3. The reporter is responsible for preparing and timely filing a reporter's record, and
for certifying it is a true and correct transcription of all portions of evidence and other
proceedings requested. Tex. R. App. P. 35.3(b); Uniform Format Manual for Texas
Court Reporters, 12.1, Fig. 5, eff. May 1, 1999. Under these circumstances, the court
reporter acted properly in informing this Court her notes could not provide a complete and
correct transcription of the proceedings.
4. The record indicates that, at the time of this incident, she was married to one of
Larry's cousins, but was spending her weekends with Larry.
5. Tex. R. Evid. 612 provides in part:

 RULE 612. WRITING USED TO REFRESH MEMORY

 If a witness uses a writing to refresh memory for the purpose of
testifying either

 (1) while testifying;

 . . . or

 (3) before testifying, in criminal cases;

 an adverse party is entitled to have the writing produced at the hearing, to
inspect it, to cross-examine the witness thereon, and to introduce in evidence
those portions which relate to the testimony of the witness. If it is claimed
that the writing contains matters not related to the subject matter of the
testimony the court shall examine the writing in camera, excise any portion
not so related, and order delivery of the remainder to the party entitled
thereto. Any portion withheld over objections shall be preserved and made
available to the appellate court in the event of an appeal. If a writing is not
produced or delivered pursuant to order under this rule, the court shall make
any order justice requires, except that in criminal cases when the prosecution
elects not to comply, the order shall be one striking the testimony or, if the
court in its discretion determines that the interests of justice so require,
declaring a mistrial. 
6. In the first Young opinion, the court remanded for a harm analysis. The second
opinion contains its review of the harm analysis conducted by the appellate court.