# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00764-CV

**John Rady, Appellant**

**v.**

**BAC Home Loans Servicing, LP; and Mortgage Electronic Registration Systems, Inc., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-11-001425, HONORABLE GUS J. STRAUSS, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John Rady seeks to appeal from the trial court's final summary judgment signed on August 9, 2012. Because Rady timely filed a motion for new trial, he was required to file his notice of appeal within 90 days after the judgment was signed. *See* Tex. R. App. P. 26.1(a)(1) (requiring notice of appeal to be filed "within 90 days after the judgment is signed if any party timely files . . . a motion for new trial"). Rady, however, filed his notice of appeal on November 19, 2012, more than 90 days after the judgment was signed.

In their appellate brief, appellees contend that this appeal should be dismissed for lack of jurisdiction because Rady's notice of appeal was not timely. On June 5, 2014, the Clerk of this Court sent notice to Rady requesting a response by June 16, 2014, to appellees' contention that this

Court does not have jurisdiction over this appeal because the notice of appeal was not timely. Rady responded by submitting a notice of voluntary dismissal of appeal to this Court.[1]

"The timely filing of a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal." *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.) (citing Tex. R. App. P. 25.1., 26.3). We imply a motion for extension of time "when a party, acting in good faith, files a notice of appeal within the fifteen-day period in which Rule 26.3(a) permits parties to file a motion for extension of time to file their notice of appeal." *Id.* (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)). Even when a motion for extension is implied, however, an appellant still must reasonably explain the need for an extension. *Id.* (citing *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt*, 959 S.W.2d at 617).

Here, Rady has not provided an explanation for needing an extension. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *In re K.M.Z.*, 178 S.W.3d at 433.

---

[1] Although Rady is represented by counsel, he submitted the notice of voluntary dismissal pro se.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed:   June 24, 2014