

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00166-CV

JANINNE GILBERT

APPELLANT

V.

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
CERTIFICATEHOLDERS OF BEAR
STEARNS ASSET BACKED
SECURITIES I LLC, ASSET
BACKED CERTIFICATES, SERIES
2007-AC1 ITS SUCCESSORS AND
ASSIGNS

APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY
TRIAL COURT NO. CV-2011-01628

----------

# MEMORANDUM OPINION[1]

----------

On April 1, 2014, the county court at law entered an order of dismissal for want of jurisdiction. The court's order indicated that the parties' dispute (which apparently relates to an eviction) had originally been litigated in a lower court, that an appeal to the county court at law had occurred, and that filing fees for the appeal had not been paid. On May 20, 2014, appellant filed two documents in the county court at law: a motion to vacate the April 1 order and a notice of appeal.[2]

On May 30, 2014, we sent a letter to appellant to express our concern that we lack jurisdiction because the notice of appeal was not timely filed. We informed appellant that unless she filed a response to our letter by June 9, 2014 that showed grounds for continuing the appeal, we could dismiss it. Appellant has not responded to our letter.

Unless a party files a timely timetable-extending motion, such as a motion for new trial or a motion to modify a judgment, a notice of appeal must be filed within thirty days after a judgment is signed. *See* Tex. R. App. P. 26.1(a). We

[1]*See* Tex. R. App. P. 47.4.

[2]In the notice of appeal, appellant states that she is appealing a "May 19, 2014 [order] dismissing Defendant's Motion to Vacate Writ of Possession and Sanctions." Appellant has not provided a copy of such an order, and we have been informed that the trial court did not issue an order on May 19. We will broadly construe the notice of appeal as relating to the only order we have received, which the trial court entered on April 1.

may extend the time to file a notice of appeal if, within fifteen days after the deadline to do so, a party files the notice of appeal and a motion for extension. *See* Tex. R. App. P. 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that a motion for extension of time is implied when an appellant acts in good faith and perfects an appeal within the fifteen-day extension period). But once the fifteen-day extension period has expired (a time that typically occurs forty-five days after the judgment is signed), "a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617.

Here, neither appellant's motion to vacate nor her notice of appeal were timely filed, even when considering rule 26.3's extension period. *See* Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1, 26.3. The timely filing of a notice of appeal is jurisdictional in this court. *Howlett v. Tarrant Cnty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g) (citing *Verburgt*, 959 S.W.2d at 617); *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.). Therefore, because appellant's notice of appeal was untimely and because she failed to respond to our letter that warned her of the possibility of dismissal, we dismiss this appeal. *See* Tex. R. App. P. 26.1, 42.3(a), (c), 43.2(f).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: July 17, 2014

3