

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00400-CV

SOUTHWEST SURGICAL                           APPELLANT
HOSPITAL

V.

LARRY G. BOWEN                                 APPELLEE

----------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 17-263139-13

----------

## MEMORANDUM OPINION[1]

----------

This is a health care liability claim expert report case. Appellant Southwest Surgical Hospital appeals from the trial court's denial of its motion to dismiss the health care liability claim brought against it by Appellee Larry G. Bowen. In four issues, Hospital challenges the sufficiency of the expert report filed by Bowen

---

[1]*See* Tex. R. App. P. 47.4.

under civil practice and remedies code section 74.351.[2] Because the expert report was sufficient to meet sections 74.351's requirements, we affirm.

## Standard of Review

We review for abuse of discretion both a trial court's denial of a motion to dismiss under section 74.351 and a trial court's determination of an expert's qualifications.[3] A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable.[4]

## Analysis

The facts of the health care giving rise to this appeal are set out in this court's opinion in the appeal involving Bowen and a different hospital.[5] We will not repeat them here.

After receiving the report of Dr. William Van Wyk, Hospital filed objections to the report. In its objections, Hospital contended that Dr. Van Wyk's report failed to establish his qualifications for offering expert opinions as to Hospital; that the report failed to set forth the applicable standard of care or identify how

---

[2]Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West Supp. 2014).

[3]*Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006); *Granbury Minor Emergency Clinic v. Thiel*, 296 S.W.3d 261, 266 (Tex. App.—Fort Worth 2009, no pet.).

[4]*Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

[5]*See Columbia N. Hills Hosp. Subsidiary, L.P. v. Bowen*, No. 02-13-00286-CV, 2014 WL 345658, at *1–2 (Tex. App.—Fort Worth Jan. 30, 2014, pet. filed).

Hospital breached that standard of care; and that it failed to establish a causal connection between Hospital's alleged misconduct and Bowen's injuries. It then filed a motion to dismiss based on these objections. The trial court denied the motion, and Hospital now appeals.

Bowen argues in his reply brief that Hospital's notice of appeal was not timely. Because his argument relates to our jurisdiction, we address his argument first.[6]

Bowen contends that because the trial court denied Hospital's objections to the report on July 26, 2013, but Hospital did not file a notice of appeal until November 6, 2013, Hospital's notice of appeal was not timely.[7] Hospital's motion objecting to the report asked the trial court to strike the report, but it did not seek dismissal of Bowen's claims against it. And until the trial court denied Hospital's motion to dismiss, Hospital had no order from which it could appeal.[8]

Subpart (a) of section 74.351 states,

Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the

---

[6] *See* Tex. R. App. P. 25.1, 26.1; *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.) ("The timely filing of a notice of appeal is jurisdictional in this court, and absent a timely filed notice or extension request, we must dismiss the appeal.").

[7] *See* Tex. R. App. P. 26.1(b).

[8] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West Supp. 2014) (allowing an interlocutory appeal from a denial of a motion to dismiss under subpart (b) of section 74.351 or the grant of a motion under subpart (*l*), but not allowing an interlocutory appeal from a denial of a motion under subpart (*l*)).

sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.[9]

Subpart (b) authorizes a defendant to move for dismissal based on the failure to serve an adequate report.[10]  Subpart (*l*) discusses a motion "challenging the adequacy of an expert report."[11]  The Supreme Court of Texas treats a motion under subpart (b) as distinguishable from a motion under subpart (*l*) and has noted that, although a defendant may immediately appeal the denial of a motion to dismiss under subpart (b), the defendant may not immediately appeal the denial of a motion under subpart (*l*).[12]  Thus, the timetable for filing Hospital's notice of appeal did not begin to run until the trial court denied a motion to dismiss.

Bowen also argues that Hospital's motion to dismiss was untimely.  Bowen contends that it was not enough for Hospital to file its objections within twenty-one days of receiving the report; it had to also file its motion to dismiss within that time period.  Subsection (a), which contains the twenty-one day deadline for objecting to a report, states nothing about filing a motion to dismiss based on those objections within twenty-one days of being served with the report.  We

---

[9]*Id.* § 74.351(a).

[10]*Id.* § 74.351(b).

[11]*Id.* § 74.351(*l*).

[12]*Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex. 2008); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9), (a)(10).

4

have already noted that a defendant may file objections to the adequacy of a report separate from a motion to dismiss based on an inadequate report. Accordingly, we reject Bowen's arguments regarding the timeliness of Hospital's motion to dismiss. Because the statute, both on its face and under Supreme Court precedent, does not require that a motion to dismiss be filed with the objections, and because only objections must be filed within the twenty-one day window,[13] Hospital's motion to dismiss was not untimely under the statute.

Hospital's first issue asks whether the trial court abused its discretion in overruling its objections that Dr. Van Wyk's report failed to establish his qualifications for offering expert opinions about the cause of Bowen's injuries with respect to Hospital. For the same reasons that we rejected this objection when it was made by Hospital's co-defendant hospital, we overrule it here.[14] Dr. Van Wyk's report shows that he is qualified by training and experience to know the standard of care for health care providers such as Hospital. We overrule Hospital's first issue.

Hospital's second issue is whether the trial court abused its discretion by overruling its objections to the sufficiency of Dr. Van Wyk's report. Specifically,

---

[13]*See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b); *Lewis*, 253 S.W.3d at 207.

[14]*See Columbia N. Hills Hosp.*, 2014 WL 345658, at *3 (noting that Dr. Van Wyk's report and C.V. showed that he had served as the medical director for a surgery center and had served on the center's executive board and credentialing committee).

5

Hospital argues that the report failed to set forth the applicable standard of care or identify how Hospital or any of its employees breached that standard of care. Hospital's third issue is whether the trial court abused its discretion in overruling its objection that Dr. Van Wyk's report failed to establish a causal connection between Hospital's alleged misconduct and Bowen's injuries.

Dr. Van Wyk's report included the following statements:

If a laceration is possible or suspected, the nerve which is just under the skin at the medial elbow should be explored immediately. . . . If Southwest Hospital had checked on the patient postoperatively and notified Dr. Ray that Mr. Bowen was having serious problems, Dr. Ray might have evaluated the patient sooner. This might have gotten Mr. Bowen taken care of more expeditiously and perhaps the damage to Mr. Bowen could have been decreased.

. . . .

Scope releases of the nerve is a procedure has been promoted over the last few years with a small incision but sometimes limited vision and requires good training and a significant learning curve. . . . I am unaware of any documentation that the operative surgeon had appropriate, adequate training, or updated training in this endoscopic cubital tunnel procedure. I see no documentation on record with Southwest Surgical Hospital . . . that Dr. Ray had completed certification to be allowed to perform cubital tunnel or carpal tunnel endoscopic surgery.

. . . .

The patient did not have bothersome symptoms or loss of the nerve function prior to the cubital tunnel surgery then immediately after the surgery the nerve was completely non-functional. This means that the nerve was cut at the time of surgery because surgery is the only event that happened between entering surgery and the next day. Southwest Surgical Hospital failed to follow up with the patient the next day to see how he was doing the day after surgery . . . . Ignoring the nerve laceration for six weeks decreased the chance a good result of the cut nerve. Exploring and repairing

6

the nerve immediately was the right thing to do and the accepted standard of care.

. . . .

The standard of care is to release the cubital tunnel and ulnar nerve compression with good visualization relieving the pressure on the nerve so that sensation and function can be restored to the involved nerve.  Care and knowledge of the anatomy must be used in the exposure of the nerve and adequate visualization of the nerve must be obtained whether an open or endoscopic procedure. . . . The standard of care also requires immediate re-exploration of the nerve and repair of the nerve in the event that there are complaints of increased numbness and paralysis that might indicate a nerve laceration.  Standard of care requires a thorough evaluation immediately after surgery if there is a possibility of laceration of the nerve including EMG, muscle testing[,] and nerve exam.  The patient should be returned to surgery at the earliest time possible after proper preop, appropriate physical examinations[,] and with EMGs completed.  A repair is most successful when performed immediately after being recognized.

. . . .

To the extent Dr. Ray was associated with Allied Orthopedics, Allied Orthopedic's failure to monitor and train Dr. Ray was a cause of Mr. Bowen's problems.  Similarly as a parent company, Columbia/HCA has a similar duty to monitor and train Dr. Ray. North Hills Hospital and Southwest Surgical Hospital's actions and failure to act were a contributing cause of Larry Bowen's problem.

These statements make a good faith effort to summarize the applicable standard of care, to explain how Hospital failed to meet that standard, and to establish the causal relationship between the failure and the harm alleged.[15] Accordingly, we hold that the expert report was sufficient as to Hospital.  We overrule Hospital's second and third issues.

---

[15] *See Certified EMS, Inc. v. Potts,* 392 S.W.3d 625, 630 (Tex. 2013) (discussing the requirements of an expert report).

In its fourth issue, Hospital asks whether the trial court abused its discretion by failing to dismiss Bowen's health care liability claim under section 74.351. For this issue, Hospital relies on the arguments it made under its other three issues. Having overruled Hospital's first three issues, we also overrule Hospital's fourth issue.

Having overruled Hospital's issues, we affirm the trial court's order.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

LIVINGSTON, C.J. filed a dissenting opinion.

DELIVERED: September 4, 2014