# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00557-CV

**Chad William Towers, Appellant**

**v.**

**Amber Chriche Green, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-FM-06-003389, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Amber Chriche Green filed a motion to dismiss this appeal for lack of jurisdiction arguing that Appellant Chad William Towers's notice of appeal is untimely. *See* Tex. R. App. P. 26.1. For the reasons that follow, we grant the motion and dismiss the appeal for want of jurisdiction.

Towers is appealing a May 27, 2014 trial-court order in a suit to modify the parent-child relationship (SAPCR). Because Towers timely filed a motion for new trial, he was required to file his notice of appeal within 90 days after the order was signed. *See* Tex. R. App. P. 26.1(a)(1). Towers, however, filed his notice of appeal on September 4, 2014, more than 90 days after the SAPCR order was signed. Towers did not file a motion to extend the deadline to file his notice of appeal, but did file his notice of appeal within the time period for requesting an extension. *See* Tex. R. App. P. 26.3.

"The timely filing of a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal." *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.); *see* Tex. R. App. P. 25.1, 26.1, 26.3. We imply a motion for extension of time "when a party, acting in good faith, files a notice of appeal within the fifteen-day period in which Rule 26.3(a) permits parties to file a motion for extension of time to file their notice of appeal." *K.M.Z.*, 178 S.W.3d at 433 (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)). Even when a motion for extension is implied, however, an appellant still must reasonably explain the need for an extension. *Id.* (citing *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt*, 959 S.W.2d at 617).

On December 10, 2014, the Clerk of this Court sent notice to Towers requesting a response to the motion to dismiss by December 22, 2014. Towers has since filed his appellant's brief, but has not provided any explanation for why his notice of appeal was tendered late. Even under the most liberal construction of Towers's brief and other filings in this Court, we discern no attempt to articulate a reasonable need for an extension. Accordingly, we dismiss Towers's appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *K.M.Z.*, 178 S.W.3d at 433.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:   December 31, 2014