

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00034-CV

_____

In the Interest of R.Y., D.Y., S.Y., Z.Y., S.Y., and A.Y., Children

---

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-675205-20

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant M.Y. (Father) attempts to appeal from the trial court's "Corrected Order in Suit Establishing the Parent–Child Relationship, in Suit for Modification and Order Confirming Support Obligation After Motion to Modify[,] Correct[,] or Reform Judgment" signed on November 7, 2022 (the Corrected Order). Father's notice of appeal was due on December 7, 2022—thirty days after the Corrected Order was signed.[1] *See* Tex. R. App. P. 26.1. But Father did not file his notice of appeal until February 7, 2023, making it untimely. *See id.*

On March 1, 2023, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See id.*; *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.) (explaining that "[t]he timely filing of a notice of appeal is jurisdictional in this court"). We warned that we could dismiss this appeal for want of jurisdiction unless Father or any party wanting to continue the appeal filed a response by March 13, 2023, showing grounds

---

[1]Father suggests that he had ninety days from the signing of the Corrected Order to file his notice of appeal, ostensibly pointing to the fact that the trial court had granted in part his October 13, 2022 motion to modify a previous final order made by the trial court. *See* Tex. R. App. P. 26.1(a)(2) (providing that "the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files . . . a motion to modify the judgment"). But that motion to modify concerned a different order by the trial court and was filed almost a month before the Corrected Order was signed—seemingly being the impetus for the "corrected" nature of that order—and it has no bearing on Father's thirty-day deadline to appeal the Corrected Order. *See* Tex. R. Civ. P. 329b(h) ("If a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed.").

for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f). On March 13, 2023, we received Father's "Motion to [R]etain [C]ase on Docket," which we construe as a response to our jurisdiction letter. That response does not show grounds for continuing the appeal. Because Father's notice of appeal was untimely, and because he has not shown grounds for continuing his appeal, we dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Dana Womack

Dana Womack
Justice

Delivered: March 30, 2023