

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-23-00190-CV

---

IN THE INTEREST OF K.E., A CHILD

---

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 22-6200-442

---

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant P.E.[1] (Father) filed this appeal from the trial court's order in a suit affecting the parent–child relationship involving his son, K.E. The trial court signed the order on April 5, 2023, but Father did not file his notice of appeal until June 1, 2023. *See* Tex. R. App. P. 26.1.

Concerned that we did not have jurisdiction over the appeal because the notice of appeal had not been timely filed, we notified Father that the appeal could be dismissed for want of jurisdiction unless, within ten days, he or another party filed with this court a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. Father filed a response in which he stated that he "was reaching out to [the] child support office [and] didn't understand [the] appeal process."

The timely filing of a notice of appeal is jurisdictional. *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.). In a non-accelerated civil case, the notice of appeal must be filed within thirty days after the date on which the judgment is signed. *See* Tex. R. App. P. 26.1. The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal along with a motion for extension of time. *See* Tex. R. App. P. 26.3. Thus, if a party wishing to appeal has not filed any postjudgment motions to extend the appellate deadline, the party must file a notice of appeal within

---

[1]To preserve the privacy of the child, we identify the parties by pseudonyms. *See* Tex. Fam. Code Ann. § 109.002(d).

forty-five days of the trial court's final judgment. *Satterthwaite v. First Bank*, No. 02-20-00182-CV, 2020 WL 4359400, at *1 (Tex. App.—Fort Worth July 30, 2020, no pet.) (mem. op.).

Even if Father had filed a motion to extend time with his notice of appeal, the notice of appeal would have been untimely. *See* Tex. R. App. 26.1, 26.3. Because the notice of appeal was not timely filed, we have no jurisdiction, and our only option is to dismiss the appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that once the period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: June 29, 2023

3