

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00469-CV

_____

PHILIP HAMILTON, Appellant

V.

LORI (LINEBARGER) HAMILTON, Appellee

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-725250-22

Before Sudderth, C.J., Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

On July 25, 2023, the trial court signed its final judgment dismissing Appellant Phillip Hamilton's case for lack of jurisdiction. Because Hamilton appears to have filed with the trial court a request for findings of fact and conclusions of law, his notice of appeal was due no later than October 23, 2023.[1] *See* Tex. R. App. P. 26.1. But Hamilton did not file his notice of appeal until December 6, 2023, making it untimely. *See id.*

On December 20, 2023, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. *See id.* We warned that we could dismiss this appeal for want of jurisdiction unless Hamilton or any party desiring to continue the appeal filed a response on or before January 2, 2024, showing a reasonable explanation for the late notice of appeal. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a), 43.2(f).

Hamilton responded to our letter on December 21, 2023. He explained that he was a pro se plaintiff who worked multiple jobs and did not "have full time to devote to his legal battles." He also set forth various arguments which, ostensibly, would

---

[1]It is not entirely clear from the record whether Hamilton's request for findings of fact and conclusions of law was "required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court" as needed to extend his notice-of-appeal deadline to 90 days after the judgment was signed. Tex. R. App. P. 26.1(a)(4) (providing 90-day notice-of-appeal deadline when an appropriate request for findings of fact and conclusions of law is filed). Regardless, even if we give Hamilton the benefit of the doubt and extend his deadline under Rule 26.1(a)(4), his notice of appeal was untimely.

form the basis and merits of his appeal should it be allowed to continue. None of the reasons propounded by Hamilton warrant extending the deadline to file his notice of appeal or give us jurisdiction to do so.

We must hold pro se litigants to the same standards as licensed attorneys. *Rahman v. Discover Bank*, No. 02-19-00182-CV, 2020 WL 2202450, at *2 (Tex. App.—Fort Worth May 7, 2020, no pet.) (mem. op.). This includes requiring that they comply with all applicable procedural rules, such as the deadline imposed for filing a notice of appeal. *Id.*; *see Viet Duc Tran v. Blu Smile Group, Inc.*, No. 02-20-00111-CV, 2020 WL 4006721, at *1 (Tex. App.—Fort Worth July 16, 2020, no pet.) (mem. op.).

The timely filing of a notice of appeal is jurisdictional in this court. *Howlett v. Tarrant Cty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)); *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.). Because Hamilton's notice of appeal was untimely and we have been shown no reasonable explanation for its lateness, we must dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.1, 42.3(a), (c), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: February 8, 2024

3