

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00733-CV

———————————————————

IN THE INTEREST OF C.B., A CHILD

On Appeal from the 481st District Court
Denton County, Texas
Trial Court No. 23-7950-481

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant E.L.B. (Mother)[1] attempts to appeal from the trial court's "Order of Termination" signed on December 9, 2025. Because this appeal is accelerated, Mother's notice of appeal was due on December 29, 2025. *See* Tex. Fam. Code Ann. § 263.405(a) (providing that termination orders are governed by the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure); Tex. R. App. P. 26.1(b) (providing that in an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed). But Mother did not file the notice of appeal until December 30, 2025, making it untimely.[2] *See id.*

On January 2, 2026, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely. Tex. R. App. P. 26.1(b); *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.) (explaining that "[t]he timely filing of a notice of appeal is jurisdictional in this court"). We instructed Mother to file a response providing a reasonable explanation

---

[1]We use initials to refer to minors and relationships to those minors for others as necessary to protect the minor's identity. *See* Tex. R. App. P. 9.8(b)(2).

[2]Mother also filed a motion for new trial on December 30, 2025, but that motion did not extend the appellate deadline. *See* Tex. R. App. P. 28.1(b) ("Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal."); *In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005) ("[W]hen an appeal is accelerated, the deadline for filing a notice of appeal under Texas Rule of Appellate Procedure 26.1(b) is twenty days after the judgment or order is signed, and the post-judgment motions listed in Texas Rule of Appellate Procedure 26.1(a) will not operate to extend the appellate deadline.").

for failing to file the notice of appeal in a timely manner and warned that if she did not file the response by January 12, 2026, we would dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Mother did not file a response.[3]

Because Mother's notice of appeal was untimely, and because she has not shown grounds for continuing her appeal, we dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: February 19, 2026

---

[3]Mother filed her notice of appeal on December 29, 2024, within the fifteen-day grace period provided by Rule 26.3. *See* Tex. R. App. P. 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also* Tex. R. App. P. 10.5(b) (motion requirements). Thus, a motion for extension of time is necessarily implied. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617. But Mother was still required to provide a reasonable explanation for failing to file the notice of appeal in a timely manner. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617. It is not enough to simply file a notice of appeal. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.