

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

No. 08-26-00025-CV

Nancy Alexander, Appellant

v.

Venture Property, Appellee

On Appeal from the County Court at Law
Bastrop County, Texas
Trial Court No. 25-22837

## MEMORANDUM OPINION

On December 9, 2025, Appellant filed a notice of appeal in the above-styled and numbered cause with the District Clerk of Bastrop County, Texas, in an attempt to perfect his appeal from a judgment entered on October 27, 2025. That notice was filed late but was filed within 15 days of the deadline for the notice of appeal. *See* Tex. R. App. P. 26.1. We noted in our order dated February

20, 2026, that a motion for extension of time to file a notice of appeal is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by the Texas Rules of Appellate Procedure, but within the 15-day grace period. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

However, in the same order, we also informed Appellant that his notice of appeal but did not comply with Texas Rules of Appellate Procedure 26.3 and 10.5(b) because he did not file a motion for extension identifying the trial court, case number, the style of the case, the date of the judgment or other appealable order, the deadline for filing the notice of appeal, and the facts relied on to reasonably explain the need for an extension. *See* Tex. R. App. P. 10.5(b)(1)–(2); Tex. R. App. P. 26.3; *In re O.Z.O.*, No. 14-14-00768-CV, 2015 WL 5093198, at *1 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, no pet.) (mem. op.) ("To benefit from *Verburgt*, an appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner."); *see also Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 705 (Tex. App.—Amarillo 2018, pet. denied) ("[I]t is still necessary for an appellant to reasonably explain the need for an extension.") (citing *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998)).

We ordered that Appellant file a motion for extension of time to file the notice of appeal that met the requirements of Rule 10.5(b) by March 2, 2026, and cautioned Appellant that failure to do so could result in dismissal of the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3. Appellant has failed to file a motion for extension.

We dismiss the Appellant's appeal for want of jurisdiction. *See In re O.Z.O.*, 2015 WL 5093198, at *1 ("If the appellant does not file a reasonable explanation, we must dismiss the appeal for want of jurisdiction."); *In re K.M.Z.*, 178 S.W.3d 432, 433–34 (Tex. App.—Fort Worth 2005, no pet.) (dismissing the appeal because appellant did not provide reason for the extension).

MARIA SALAS MENDOZA, Chief Justice

March 6, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.